UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE CITY OF NEW ORLEANS | CIVIL ACTION |
| VERSUS | NO. 08-3949 |
| AMBAC ASSURANCE CORPORATION, ET AL | SECTION "N" (1) |

**ORDER AND REASONS**

Before the Court is the "Motion for Reconsideration by Painewebber Capital Services, Inc. and UBS Securities, LLC". This motion is opposed by the City of New Orleans ("the City") (See Rec. Doc. 119). Specifically, this motion seeks reconsideration of certain portions of this Court's October 14, 2010 ruling, denying in part Defendants' motion to dismiss all the claims brought by the City. Because the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, such motion has been correctly treated as a motion to alter or amend under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

*Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Defendants claim that the instant motion has been filed to correct "manifest errors of law and to prevent manifest injustice." (Rec. Doc. 112-1, p. 4). The Court disagrees that its prior ruling, reflected in the transcript at Rec. Doc. 129, reflects any manifest error, and stands by such ruling. For substantially the same reasons as stated by the City in its opposition to the instant motion (See Rec. Doc. 119), the Court denies the motion in this regard. Given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice. Accordingly,

**IT IS ORDERED** that **"Motion for Reconsideration by Painewebber Capital Services, Inc. and UBS Securities, LLC" (Rec. Doc. 112)** is **DENIED**.

New Orleans, Louisiana, this 28th of March, 2011.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**