AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | | |
|---|---|---|
| The City of New Orleans | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 08-3949 |
| Ambac Assurance Corp., Ambac Fin. Servs., | ) | |
| Painewebber Capital Servs., Inc. & UBS Securities | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Lotus Capital

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
  See Exhibit A attached hereto.

| Place: Vinson & Elkins LLP (c/o David R. Woodcock)<br>Terrace 7, 2801 Via Fortuna Drive<br>Austin, TX 78746 | Date and Time:<br>April 6, 2011; 10:00 am CST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3-10-11

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **UBS Securities** Painewebber Capital Services, Inc. , who issues or requests this subpoena, are:

David R. Woodcock
Vinson & Elkins LLP, Terrace 7, 2801 Via Fortuna Drive, Austin, TX 78746
dwoodcock@velaw.com; 512-542-8637

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  08-3949

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for *(name of individual and title, if any)* __LOTUS CAPITAL__
was received by me on *(date)* __3/29/11__.

☐ I served the subpoena by delivering a copy to the named person as follows: __TINA OWEN__

on *(date)* __3/29/11__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: __3/29/11__

__[signature]__
*Server's signature*

__STACY ROUQUETTE / PROCESS SERVER__
*Printed name and title*

__PO Box 30149, NOLA__
*Server's address*

Additional information regarding attempted service, etc:

Case 2:08-cv-03949-KDE-SS Document 137 Filed 04/01/11 Page 3 of 12

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## INSTRUCTIONS

These requests should be construed in accordance with the full scope of Rule 26 of the Federal Rules of Civil Procedure.

A.  You are requested to produce all documents in your possession, custody, or control that are described below. In doing so, please furnish documents that are in the possession, custody, or control of your employees, directors, officers, employees, attorneys, accountants, representatives, or agents, or that are otherwise subject to your possession, custody, or control.

B.  In the event you claim that the request is overly broad, unduly burdensome or otherwise objectionable, you shall respond to that portion of the request which is not objectionable and specifically identify the respect in which the request is allegedly overbroad, unduly burdensome, or otherwise objectionable.

C.  If, in answering any of the requests, you encounter any ambiguity concerning either the request or definition or instruction relevant to the inquiry contained within the request, set forth the matter deemed ambiguous and the construction selected for use in answering the request.

D.  If any of these requests cannot be produced in full, produce to the extent possible, specifying the reasons for your inability to answer or produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unanswered or unproduced portion.

E.  Each document is to be produced in its entirety, without abbreviation, redaction, or expurgation.

F. Documents produced in response to these requests shall be organized either to correspond to the categories set forth in these requests, or in the manner in which they are kept in the ordinary course of business. In either case:

  a. responsive documents shall be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

  b. if produced in hard copy, all pages now stapled or fastened together shall be stapled or fastened together in the same manner when produced and shall include all attachments currently or previously appended to each document, regardless of whether such attachments themselves are responsive to these requests;

  c. all documents that cannot be legibly copied shall be produced in original form; and

  d. each page of each document produced shall bear a unique number that includes a symbol or abbreviation identifying the producing party.

G. Parties will confer and agree upon production format for electronically stored information at a later date.

H. If any document was, but is no longer, in your possession or subject to your control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) is otherwise disposed of. In each instance explain the circumstances of such disposition, and state the approximate date thereof.

I. If you withhold any document requested herein on the basis of a claim of privilege, attorney work product or otherwise, you must assert an objection and provide a privilege log in accordance with Rule 26 of the Federal Rules of Civil Procedure.

J. Notwithstanding a claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected redacted.

2

K. A request for any document shall include all preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original.

L. Requests for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the documents themselves.

M. This request for production of documents is deemed continuing so as to require further and supplemental production if additional documents are received, generated, or discovered after the time of the original production.

N. If information stored in, or accessible through a computer or other data retrieval system is produced, it must be accompanied by instructions and all other materials necessary to use or interpret such data.

O. If any portion of a document is considered responsive to any request, the request shall be construed as requesting production of the entire document.

## DEFINITIONS

As used in these requests, the following terms have the meaning indicated:

A. "Plaintiff" or "City" refers to the City of New Orleans and all of its subparts, elected officials, officers, employees, agents, assistants, and advisors.

B. "UBS" refers to Painewebber, Inc., UBS AG, or UBS Securities LLC.

C. "PWCSI" refers to Painewebber Capital Services, Inc.

D. "Defendants" refers to PWCSI and UBS.

E. "You," "your," and "yours" refer to Lotus Capital including any present and former subsidiaries, parents, officers, directors, executives, employees, partners, agents,

principals, attorneys, trustees, representatives, and other persons acting or purporting to act on your behalf, including, but not limited to, Tina Nguyen Owen.

F. "Document" is used in its broadest sense to include everything that is contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and includes all written, printed, reported, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other things within the scope of the Federal Rules of Civil Procedure by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, all non-identical copies (including those which are non-identical by reason of notations or markings), which are now or were at any time in the possession, custody, or control of the party whom the document is requested or any other business entity (including corporations) under such party's control. Without limitation of the term "control" in the preceding sentence, the document or thing is deemed to be in the requested party's control if such party has the right to secure the document or copy thereof from any person (including attorneys and accountants) or a public or private entity having actual possession thereof.

G. The term "relating to" or "relates to" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. Documents and communications "relating to" or that "relate(s) to" the subject matter specified in a Document

4

Request include without limitation documents and communications underlying or supporting, or utilized in the preparation of, any documents or communications responsive to each Document Request.

H.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests those matters that may otherwise be construed to be outside their scope.

I.  Any pronouns shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

J.  The words "all" and "any" shall be construed to mean "any and all."

K.  "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any."

L.  The use of a word in its singular form shall be deemed to include within its use the plural form as well, and the use of a word in its plural form shall be deemed to include within its use the singular form as well.

M.  The terms "communication" and "communications" are used in their customary broad sense and mean any transmission or exchange of information or knowledge between or among two or more persons and includes, without limitation, written contacts (whether by letter, memoranda, telegram, telex, electronic message, e-mail, facsimile, or other document) and oral contacts (whether by face-to-face meetings, telephone conversations or otherwise).

N.  The term "Complaint" refers to Plaintiffs' Second Amended and Supplemental Complaint filed August 4, 2010, Docket Number 83, in the United States District Court for the Eastern District of Louisiana.

O.  The term "Bond Transaction" refers to the City's issuance in December 2000 of about $171 million of Taxable Pension Revenue Bonds Series 2000 to fund part of the unfunded liability of the Firefighter's Pension and Relief Fund as described in the Complaint ¶ 1 and includes, but is not limited to, the Bonds, the Resolution, the Bond Purchase Agreement, the Swap Agreement, the Bond Insurance Policy, the Remarketing Agreement, the Surety Bonds, the Preliminary Official Statement and any amendments thereto, the Official Statement and any amendments thereto, and all other related agreements.

P.  The term "Swap Agreement" refers to the agreement entered into by PWCSI and the City in which the City agreed to pay PWCSI a fixed interest rate per annum in return for PWCSI paying the bondholders a variable interest rate.  "Swap Agreement includes the confirmation and Master Swap Agreement referred to in the Complaint ¶¶ 65, 74.

Q.  The term "Reciprocal Swap Agreement" refers to the agreement entered into by PWCSI and AFS in which PWCSI agreed to pay AFS a fixed interest rate per annum in return for AFS paying a variable interest rate, as described in the Complaint ¶¶ 85-89.

R.  The term "Advisors" refers to all people and entities involved in providing advice to the City regarding the Bond Transaction or the Swap Agreement including, but not limited to, attorneys, investment managers, financial advisors, bond advisors, accountants, swap advisors, or employees of any such people or entities.

S.  The term "Resolution" refers to all resolutions passed by the New Orleans City Council relating to the Bond Transaction, including, but not limited to, Resolution Nos. R-00-464 (July 20, 2000), R-00-553 (September 21, 2000), R-00-740 (November 16, 2000), R-00-762 (December 1, 2000).

T. The term "Ambac" refers to Ambac Assurance Corporation and any of its parents or subsidiaries, or any of its officers, employees, or advisors.

U. The term "AFS" refers to Ambac Financial Services, Inc. and any of its parents or subsidiaries, or any of its officers, employees, or advisors.

V. The term "Surety Bond" refers to Surety Bond No. SW0065BE underwritten by Ambac to guarantee the City's performance of its payment obligations under the Swap Agreement to PWCSI referred to in the Complaint ¶ 71. "Surety Bond" also refers to the surety bond underwritten by Ambac to guarantee performance of PWCSI's payment obligations under the Swap Agreement to the City.

W. The term "Bond Insurance Policy" refers to Municipal Bond Insurance Policy No. 17580BE underwritten by Ambac with effective date December 19, 2000, as described in the Complaint ¶ 44.

X. The term "Remarketing Agreement" refers to the agreement entered into by the City and UBS, as described in the Complaint ¶¶ 48-53.

Y. The term "Standby Bond Purchase Agreement" refers to the agreement between the City and JP Morgan Chase Bank, N.A., which provided for the creation of a Liquidity Facility and for the Remarketing Agent to put bonds to the Liquidity Facility for purchase at part plus accrued interest in the event of a remarketing failure, as described in the Complaint ¶¶ 54-64.

Z. The term "Official Statement" refers to the document titled "Official Statement of the City of New Orleans, Louisiana relating to $170,600,000 Taxable Pension Bonds, Series 2000" and any amendments thereto.

7

AA. The term "Preliminary Official Statement" refers to the document titled "Preliminary Official Statement of the City of New Orleans, Louisiana relating to $170,600,000 Taxable Pension Bonds, Series 2000" and any amendments thereto.

BB. The term "Proceedings" refers to any meetings of a governing body, including, but not limited to, the City Council and its committees and subcommittees, the State Bond Commission, and other body relating to the review, approval, authorization, and issuance of the Bonds.

## DOCUMENTS AND THINGS REQUESTED

1. All documents and communications relating to the Bond Transaction.

2. All documents and communications relating to the Swap Agreement.

3. All documents and communications relating to the Reciprocal Swap Agreement.

4. All documents and communications relating to the Official Statement.

5. All documents and communications relating to the Preliminary Official Statement.

6. All documents and communications relating to UBS's role in the Bond Transaction.

7. All documents and communications relating to PWCSI as the City's counterparty in the Swap Agreement.

8. All documents and communications relating to Ambac or AFS as bond insurer in the Bond Transaction or Swap Agreement.

9. All documents and communications relating to communications with the City's other advisors in the Bond Transaction or Swap Agreement.

10. All documents and communications provided to the New Orleans City Council relating to the Bond Transaction.

11. All documents and communications provided to the State Bond Commission relating to the Bond Transaction.

12. All documents and communications relating to the Proceedings.

13. All documents and communications relating to the Remarketing Agreement.

8

14. All documents and communications relating to the Surety Bonds.

15. All documents and communications relating to the Resolutions.

16. All documents and communications relating to the Bond Insurance Policy.

17. All documents and communications relating to the Standby Bond Purchase Agreement.

18. All documents and communications relating to the City's contention that UBS is or was an advisor to the City as alleged in the Complaint at ¶ 9.

19. All documents and communications relating to any proposals, offers, or suggestions the City received regarding the structuring of the Bond Transaction.