IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE CITY OF NEW ORLEANS, | § § § | Civil Action No. 08-3949 |
| *Plaintiff,* | § § | |
| v. | § § | Section "N" (1) |
| | § | Judge Kurt D. Engelhardt |
| AMBAC ASSURANCE CORPORATION, et al., | § § § | Magistrate Judge Sally Shushan |
| *Defendants.* | § § | |

## DECLARATION OF ALITHEA Z. SULLIVAN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

I, Alithea Z. Sullivan, hereby declare:

1. I am over the age of 18 and capable of testifying to the facts set forth herein.

2. I am a licensed attorney in the State of Texas and am admitted pro hac vice before the Eastern District of Louisiana.

3. Vinson & Elkins L.L.P. is counsel of record for Defendants UBS Securities, LLC ("UBS") and PaineWebber Capital Services, Inc. ("PWCSI") (collectively "Defendants") in the above-styled action. I am an associate in the Austin, Texas office of Vinson & Elkins L.L.P. and serve as counsel for Defendants.

4. I aver to the matters set forth herein based upon personal knowledge and information.

5. On May 31, 2011, Defendants took the deposition of the City of New Orleans's ("the City") Swap Advisor, Jeff Pearsall, of PFM. A true and correct copy of excerpts from the deposition transcript of Mr. Pearsall is attached as Exhibit A.

6. In connection with this case, Defendants issued multiple discovery requests on the City and third parties, such as Defendants' First Set of Requests for Production of Documents, Defendants' Second Amended Notice of Rule 30(b)(6) Deposition, and Defendants'

Subpoena to Testify at a Deposition in a Civil Action to Meredith Hathorn. A true and correct copy of Defendants' First Set of Requests for Production of Documents, served on March 9, 2011, is attached as Exhibit B. A true and correct copy of Defendants' Second Amended Notice of Rule 30(b)(6) Deposition, served on June 14, 2011, is attached as Exhibit C. A true and correct copy of Defendants' Subpoena to Testify at a Deposition in a Civil Action to Meredith Hathorn, served on March 15, 2011, is attached as Exhibit D.

7. On May 2, 2011, the City responded to Defendants' RFPs and generally objected to the RFPs to the extent that the documents requested are privileged. A true and correct copy of the City of New Orleans' Responses to Defendants' First Request for Production, served on May 2, 2011, is attached as Exhibit E.

8. On May 12, 2011, Defendants sent a letter to the City asserting its position that the City had waived privilege as to certain topics by placing communications with its advisors, including communications with its bond counsel Meredith Hathorn and her law firm Foley & Judell L.L.P., at issue in the litigation. A true and correct copy of the letter from me to Erin E. Gilson, Counsel for the City, dated May 12, 2011, is attached as Exhibit F.

9. The City responded on May 26, 2011, arguing that no such waiver occurred. A true and correct copy of the letter from Erin E. Gilson to me, dated May 26, 2011, is attached as Exhibit G.

10. On June 16, 2011, the City responded to Defendants' 30(b)(6) Notice, objecting to many of the deposition topics. A true and correct copy of the letter from Erin E. Gilson to Counsel for Defendants, dated June 16, 2011, is attached as Exhibit H.

11. On June 24, 2011, Defendants objected to these privilege assertions as waived under the same rationale set forth in their May 12 letter. A true and correct copy of the letter from me to Erin E. Gilson, dated June 24, 2011, is attached as Exhibit I.

12. My colleague, David Woodcock, and I met and conferred with the City on this dispute, as required by Federal Rule of Civil Procedure 37(a)(1), on June 27, 2011, but failed to reach agreement as to whether the City has waived privilege. During this meeting, the City confirmed that it would continue to withhold all documents it deems privileged, and would instruct its deposition witnesses and third-party witnesses such as Ms. Hathorn not to answer questions relating to advice provided by bond counsel to the City and New Orleans City Council.

13. A true and correct copy of the City's Answers to First Set of Interrogatories Propounded by Defendants, served on May 2, 2011, is attached as Exhibit J.

14. A true and correct copy of Resolution R-00-464, dated August 3, 2000 (reflecting City Hall meeting of July 20, 2000), is attached as Exhibit K.

15. A true and correct copy of excerpts from the Verbatim Transcript of the State Bond Commission Meeting of October 21, 2004, is attached as Exhibit L.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

SIGNED the 11th day of July, 2011.

Alithea Z. Sullivan