UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| THE CITY OF NEW ORLEANS | * | |
|---|---|---|
| Plaintiff, | * | CIVIL ACTION NO. 08-3949 |
| | * | |
| | * | SECTION "N" (1) |
| VERSUS | * | |
| | * | JUDGE KURT D. |
| | * | ENGELHARDT |
| AMBAC ASSURANCE CORPORATION, | * | |
| AMBAC FINANCIAL SERVICES, LLC, | * | MAGISTRATE JUDGE |
| PAINEWEBBER CAPITAL SERVICES, | * | SALLY SHUSHAN |
| INC., AND UBS SECURITIES LLC | * | |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

The Plaintiff, City of New Orleans ("the City"), hereby objects to the exhibits identified by Defendant PaineWebber Capital Services, Inc. ("Defendant" or "PWCSI") for the reasons set forth below.

**Trial Exhibit 522 (Defendant's Exhibit 38):**

    **Document:** *Letter from M. Conefry to Board of Trustees, Re: January 1, 2000 Cash Flow Analysis – Old Fund*

    **Plaintiff's Objections:** Hearsay (Fed. R. Evid. 801) and Relevance (Fed. R. Evid. 401)

This document is an August 10, 2000 letter written by Michael A. Conefry, the actuary for the Firefighters Pension Fund in 2000, to the Board of Trustees for the Firefighters' Pension and Relief Fund, expressing his opinion regarding whether the January 1, 2000 cash flow analysis for the old firefighter's fund was "adequately current for cash flow purposes." First, Plaintiff objects to this document on hearsay grounds pursuant to Fed. R. Evid. 801. Mr. Conefry

1

will not be a witness at trial. As such, his letter is not admissible to prove the truth of the statements contained therein. In addition, it is not being offered for any other permissible purpose. Accordingly, this document should be excluded as hearsay pursuant to Fed. R. Evid. 801.

Second, Plaintiff objects to this document pursuant to Fed. R. Evid. 401. Mr. Conefry's opinion regarding the January 1, 2000 cash flow analysis is not relevant to any fact of consequence in this action. Accordingly, this document should be excluded on relevance grounds.

**Trial Exhibit 523 (Defendant's Exhibit 41):**

    **Document:**    *Letter from M. Kahn to M. Hathorn enclosing copy of New Orleans Firefighters Pension and Relief Fund (Old System) Funding Requirement Analysis and Future Value Liabilities prepared by actuary Michael Conefry*

    **Plaintiff's Objections:** Hearsay (Fed. R. Evid. 801) and Foundation (Fed. R. Evid. 602)

This document is an August 18, 2000 letter from Marina Kahn, then the City's Assistant Chief Administrative Officer, to Meredith Hathorn, the City's bond counsel, enclosing a copy of an analysis prepared by actuary Michael Conefry. Plaintiff objects to this document pursuant to Fed. R. Evid. 801 and 602. Mr. Conefry will not be a witness at trial. As such, the statements contained in the Conefry analysis are hearsay and the document is not admissible to prove the truth of the statements contained therein. In addition, the Conefry analysis and letter enclosing that analysis are not being offered for any other permissible purpose. Accordingly, the Kahn letter and enclosed Conefry analysis should be excluded as hearsay pursuant to Fed. R. Evid. 801.

**Trial Exhibit 524 (Defendant's Exhibit 131):**

    **Document:**    *New Orleans Firefighters Cash Flow Study, Summary of Financing Results*

    **Plaintiff's Objections:** Completeness, Hearsay (Fed. R. Evid. 801) and Foundation (Fed. R. Evid. 602)

This exhibit is comprised of two separate documents, one of which is incomplete. The first, JW-FOLEY-000098 through -000103, is a summary of the firefighters' cash flow study that was prepared by PaineWebber. The second document, JW-FOLEY-000104 through -000108, is a document dated September 18, 2000 and titled Sources and Uses of Funds for the City's pension obligation bonds that, according to the footer of the document, appears to have been prepared by DBC Finance. It is not clear that the five pages included in DEX 131 were the entirety of the document prepared by DBC Finance. Thus, the document should not be admitted unless the entirety of the document is admitted. In addition, no representative from DBC Finance will be a witness at trial. Accordingly, the information from DBC Finance contains hearsay prohibited by Fed. R. Evid. 801 and is not admissible to prove the truth of the statements contained therein. Finally, Defendant will be unable to establish the requisite foundation for this document, and it should be excluded pursuant to Fed. R. Evid. 602.

At minimum, the two documents that make up DEX 131 should be separated rather than being included together as one exhibit.

**Trial Exhibit 525 (Defendant's Exhibit 186):**

    **Document:** *Letter from Conefry & Company LLC to Board of City Trusts Re: Firefighters' Pension and Relief Fund – Old Fund, Actuarial Valuation and Cash Flow Projections for Board of City Trusts, with attachments*

    **Plaintiff's Objections:** Hearsay (Fed. R. Evid. 801) and Foundation (Fed. R. Evid. 602)

This document is a letter from Michael Conefry to the Board of City Trusts enclosing and discussing the actuarial valuation and cash flow projections prepared by his company for the old firefighters' fund as of December 31, 2002. Plaintiff objects to this document pursuant to Fed. R. Evid. 801 and 602. Mr. Conefry will not be a witness at trial. As such, the statements contained in both the letter and enclosed documents are hearsay and the documents are not admissible to prove the truth of the statements contained therein. In addition, the documents are not being offered for any other permissible purpose. The letter and enclosures should be excluded as hearsay pursuant to Fed. R. Evid. 801.

Further, because neither Mr. Conefry nor a representative of the Board of City Trusts will be a witness at trial, Defendants will be unable to establish the requisite foundation for this document, and it should be excluded pursuant to Fed. R. Evid. 602.

**Trial Exhibit 526 (Defendant's Exhibit 227):**

    **Document:** *Email from Forbes.com to R. Kahn Re: Financial Bond Insurers Need Help – Fast*

    **Plaintiff's Objections:** Hearsay (Fed. R. Evid. 801) and Relevance (Fed. R. Evid. 401)

This document is an email newsletter from Forbes.com dated February 1, 2008 entitled "Financial: Bond Insurers Need Help—Fast." First, Plaintiff objects to this document pursuant to Fed. R. Evid. 801. Obviously, no representative of Forbes.com will be a witness at trial. The statements in the email newsletter are hearsay, and the document is not admissible to prove the truth of the statements contained therein. "Of course, a newspaper article is hearsay, and in

almost all circumstances is inadmissible." *Dallas Cnty. v. Commercial Union Assur. Co.*, 286 F.2d 388, 391-92 (5th Cir. 1961). Moreover, the newsletter from Forbes simply contains headlines and one-line descriptions of and links to news articles, which are themselves hearsay and inadmissible. Finally, this document is not being offered for any other permissible purpose. Accordingly, the document should be excluded as hearsay pursuant to Fed. R. Evid. 801.

Plaintiff also objects to this document pursuant to Fed. R. Evid. 401. Many of the headlines and descriptions contained in the email newsletter from Forbes are not relevant to any fact of consequence in this action.

**Trial Exhibit 527 (Defendant's Exhibit 247):**

**Document:** *Email from J. Osborn to DL-MSG-Orlando Banking Re: Bloomberg: Ambac Rises as Banks Plan $3 Billion Rescue to Avert Downgrade*

**Plaintiff's Objection:** Hearsay (Fed. R. Evid. 801)

This document is a Bloomberg news article that was emailed by James Osborn of UBS to a UBS list-serve, seemingly for the municipal securities group in Orlando ("DL-MSG-Orlando Banking") on February 25, 2008. The news article is entitled "Bloomberg: Ambac Rises as Banks Plan $3 Billion Rescue to Avert Downgrade" written by Cecile Gutscher and Erik Holm. Plaintiff objects to this document pursuant to Fed. R. Evid. 801. *See e.g.*, *Dallas Cnty.*, 286 F.2d at 391-92. Obviously, neither Ms. Gutscher nor Mr. Holm or anyone from Bloomberg will be a witness at trial of this matter. The emailed Bloomberg article is hearsay and is not admissible to prove the truth of the statements contained therein (such as that Ambac's bond rating rose in February 2008). Further, this document is not being offered for any other permissible purpose. Accordingly, it should be excluded as hearsay pursuant to Fed. R. 801.

**Trial Exhibit 528 (Defendant's Exhibit 251):**

    **Document:** *Email from J. Osborn to DL-MSG-Orlando Banking Re: Bond Buyer: S&P Takes Action on 5 Bond Insurers*

    **Plaintiff's Objection:** Hearsay (Fed. R. Evid. 801)

This document is another news article, this one from a publication called the Bond Buyer, that was emailed by James Osborn of UBS to a UBS list-serve on February 26, 2008. The news article is entitled "S&P Takes Action on 5 Bond Insurers" and the author is Dakin Campbell. Obviously, neither Dakin Campbell nor anyone from the Bond Buyer will be a witness at trial. The emailed article is hearsay and is not admissible to prove the truth of the statements contained therein (such as that Standard & Poor's had kept Ambac's rating at AAA, and on credit watch with negative implications"). *See e.g.*, *Dallas Cnty.*, 286 F.2d at 391-92. Further, this document is not being offered for any other permissible purpose. Accordingly, it should be excluded as hearsay pursuant to Fed. R. 801.

**Trial Exhibit 529 (Defendant's Exhibit 269):**

    **Document:** *Email from J. Koc to S. Copland and J. Allman Re: JPM Contact Info (New Orleans)*

    **Plaintiff's Objection:** Hearsay (Fed. R. Evid. 801)

This document is an email chain from March and April 2008 among Ambac employees in which Mark Spinelli describes a phone call with someone at JP Morgan about New Orleans—a call during which the JP Morgan representative seems to have described earlier conversations with City representatives and/or the City's bond counsel, Meredith Hathorn. Plaintiff objects to this document pursuant to Fed. R. Evid. 801. Mark Spinelli will not be a witness at trial, nor will anyone from JP Morgan, and the statements in the Spinelli email are hearsay and double hearsay. The email is not admissible to prove the truth of the statements contained therein—such as

"[w]ith regard to the flip, the City fully understands that this will take place." Further, this document is not being offered for any other permissible purpose. Accordingly, it should be excluded as hearsay pursuant to Fed. R. 801.

**Trial Exhibit 530 (Defendant's Exhibit 271):**

    **Document:** *Email from S. Murphy to DL-VSG Regional Marketing Re: Bonddesk Orders, with attachment*

    **Plaintiff's Objections:** Relevance (Fed. R. Evid. 401) and Hearsay (Fed. R. Evid. 801)

This is a June 5, 2008 email from Sean Murphy, a UBS employee, to a UBS list-serve ("DL-MSG Regional Marketing") forwarding a June 4, 2008 UBS Municipal Report, a newsletter titled "Moody's warns about possible downgrade for Ambac, MBIA." The newsletter contains information purportedly obtained from Moody's. Because no one from Moody's will testify at this trial, the statements contained in the newsletter are hearsay, and the newsletter is not admissible to prove the truth of the statements contained therein. Further, this document is not being offered for any other permissible purpose. Accordingly, it should be excluded as hearsay pursuant to Fed. R. 801.

In addition, Plaintiff objects to this document pursuant to Fed. R. Evid. 401. The content of the Murphy email and the attached UBS newsletter are not relevant to any fact of consequence in this action. Accordingly, this document should be excluded on relevance grounds.

**Trial Exhibit 531 (Defendant's Exhibit 323):**

    **Document:** *Email from M. Hathorn to L. Daniel, D. Muse, and N. Foster Re: Presentation of Alternatives for UBS-AMBAC*

    **Plaintiff's Objection:** Discussions related to settlement/compromise (Fed. R. Evid. 408)

This document is an August 4, 2011 email from the City's bond counsel, Meredith Hathorn to Lisa Daniel of PFM (the City's financial advisor at that time), along with City

employees Derrick Muse and Norman Foster and others at PFM, providing her thoughts on a "presentation, in draft form for review, to be shared with AMBAC/UBS to support the need for negotiation of the swap payment and potential restructure opportunity." Plaintiff objects to this document pursuant to Fed. R. Evid. 408. The document is not admissible as it includes discussions related to a presentation in support of the City's efforts to reach a settlement and/or compromise with UBS/PWCSI and Ambac regarding the termination payment for the Swap. As the Fifth Circuit articulated in *Lyondell Chemical Co. v. Occidental Chemical Corp.*, the protections of Rule 408 extend to "legal conclusions, factual statements, internal memoranda, and the work of non-lawyers and lawyers alike so long as the communications were 'intended to be part of... negotiations toward compromise.'" 608 F.3d 284, 295 (5th Cir. 2010). Accordingly, this document should be excluded pursuant to Fed. R. Evid. 408.

**Trial Exhibit 532 (Defendant's Exhibit 324):**

> **Document:** *Email from L. Daniel to B. Murtagh, J. Gould, A. Kopplin, N. Foster, M. Hathorn, and A. McKendrick Re: New Orleans Pension Bond Obligation Bonds – Restructure*
>
> **Plaintiff's Objection:** Discussions related to settlement/compromise (Fed. R. Evid. 408)

This document is an August 22, 2011 email from Lisa Daniel of PFM to UBS employees Bryan Murtagh and Julian Gould, copying the City's Andy Kopplin and Norman Foster and Andrew McKendrick of PFM. Plaintiff objects to this document pursuant to Fed. R. Evid. 408. The document is not admissible as it includes discussions related to the City's efforts to reach a settlement or compromise with UBS/PWCSI and Ambac regarding the termination payment for the Swap. *See Lyondell Chemical Co.,* 608 F.3d at 295. Accordingly, this document should be excluded pursuant to Fed. R. Evid. 408.

**Trial Exhibit 533 (Defendant's Exhibit 278):**

    **Document:** *Declaration of Matthew J. Lindsay*

    **Plaintiff's Objection:** Relevance

This document is a September 15, 2011 declaration signed by Matthew Lindsay, an Assistant City Attorney at that time, discussing discovery issues—specifically, his work coordinating searches of the City's electronic mail system for documents relevant to this litigation. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. This declaration is not relevant to any fact of consequence in this action and should be excluded.

**Trial Exhibit 534 (Defendant's Exhibit 279):**

    **Document:** *Declaration of Blake Arcement*

    **Plaintiff's Objection:** Relevance (Fed. R. Evid. 401)

This document is a September 16, 2011 declaration signed by Blake Arcement, a City information systems employee, discussing discovery issues—specifically, searches for City emails that he ran in connection with discovery in this matter. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. This declaration is not relevant to any fact of consequence in this action and should be excluded.

**Trial Exhibit 535 (Defendant's Exhibit 326):**

    **Document:** *Email from L. Daniel to A. Kopplin, N. Foster, and A. McKendrick Re: Mayor Landrieu*

    **Plaintiff's Objection:** Discussions related to settlement/compromise (Fed. R. Evid. 408)

This document is a September 9, 2011 email from Lisa Daniel of PFM to the City's Andy Kopplin and Norman Foster and Andrew McKendrick of PFM. Plaintiff objects to this document pursuant to Fed. R. Evid. 408. The document is not admissible as it includes discussions related to the City's efforts to reach a settlement or compromise with UBS/PWCSI or Ambac regarding

the termination payment on the Swap and specifically contains Ms. Daniel's advice on issues to raise with UBS/PWCSI and Ambac and asks for Andrew McKendrick's "advise from direct negotiation experience with these guys." *See Lyondell Chemical Co.,* 608 F.3d at 295. Accordingly, this document should be excluded pursuant to Fed. R. Evid. 408.

**Trial Exhibit 536 (Defendant's Exhibit 330):**

    **Document:** *Email from N. Foster to A. Kopplin Re: andrew mckendrick*

    **Plaintiff's Objection:** Discussions related to settlement/compromise (Fed. R. Evid. 408)

This document is a May 31, 2011 email chain between the City's Andy Kopplin and Norman Foster, copying Andrew McKendrick of PFM. Plaintiff objects to this document pursuant to Fed. R. Evid. 408. The document is not admissible as it includes discussions related to the City's efforts to reach a settlement or compromise with UBS/PWCSI or Ambac regarding the termination payment on the Swap including specifically the City's analysis of "UBS's proposal to include others" and how "UBS may look at this…".. *See Lyondell Chemical Co.,* 608 F.3d at 295. Accordingly, this document should be excluded pursuant to Fed. R. Evid. 408.

**Trial Exhibit 537 (Defendant's Exhibit 405):**

    **Document:** *Letter from A. Tankersley to K. Murphy*

    **Plaintiff's Objection:** Relevance (Fed. R. Evid. 401)

This document is a July 25, 2014 letter from Amy Tankersley, an attorney for the Defendants in this case, to Kerry Murphy, an attorney for the City, regarding discovery issues, including issues relating to the City's document production and privilege log. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. This letter is not relevant to any fact of consequence in this action and should be excluded.

**Trial Exhibit 538 (Defendant's Exhibit 406)**:

    **Document:**    *Letter from K. Murphy to A. Tankersley*

    **Plaintiff's Objection:**  Relevance (Fed. R. Evid. 401)

This document is an October 3, 2014 letter from Kerry Murphy to Amy Tankersley regarding discovery issues in this case, specifically including issues relating to the City's document production. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. This letter is not relevant to any fact of consequence in this action and should be excluded.

**Trial Exhibit 539 (Defendant's Exhibit 407):**

    **Document:**    *Letter from A. Tankersley to K. Murphy*

    **Plaintiff's Objection:**  Relevance (Fed. R. Evid. 401)

This document is a November 5, 2014 letter from Amy Tankersley to Kerry Murphy regarding discovery issues in this case, specifically including issues relating to the City's document production. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. This letter is not relevant to any fact of consequence in this action and should be excluded.

**Trial Exhibit 540 (Defendant's Un-Numbered Exhibit)**:

    **Document:**    *Expert Report of Christopher Laursen*

    **Plaintiff's Objection:**  Hearsay (Fed. R. Evid. 801)

This document is the report prepared by Christopher Laursen, the Defendants' expert witness in this case. Plaintiff objects to this document pursuant to Fed. R. Evid. 801. The statements contained in the report are hearsay, and the report is not admissible to prove the truth of the statements contained therein. Further, the report is not being offered for any other permissible purpose. Accordingly, it should be excluded as hearsay pursuant to Fed. R. 801.

Plaintiff reserves the right to use Mr. Laursen's report at trial for purposes of cross-examination and/or impeachment.

**Trial Exhibit 541 (Defendant's Exhibit 292):**

    **Document:**    *Employees' Retirement System Investment History*

    **Plaintiff's Objection:**    Relevance (Fed. R. Evid. 401), Foundation (Fed. R. Evid. 602) and Hearsay (Fed. R. Evid. 801)

This document is an investment history of the City employees' retirement system for 1982 through 1999 that was prepared by Jerry Davis, who appears to have been the Chairman of the Board of Trustees for the New Orleans Employees' Retirement System. Plaintiff objects to this document pursuant to Fed. R. Evid. 401. The investment history of the City employees' retirement system is not relevant to any fact of consequence in this action; as such, this document should be excluded.

In addition, because Mr. Davis will not be a witness at trial, this information is not admissible to prove the truth of the statements contained therein pursuant to Fed. R. Evid. 801. Finally, because Defendant will be unable to establish the requisite foundation for this document, this document should be excluded pursuant to Fed. R. Evid. 602.

**Trial Exhibit 542 (Defendant's Exhibit 345):**

    **Document:**    *Fire Pension Bond Issue information, attaching Comments on Actuarial Methods and Assumptions*

    **Plaintiff's Objections:**    Hearsay (Fed. R. Evid. 801), Foundation (Fed. R. Evid. 602), Relevance (Fed. R. Evid. 401), and Completeness

This exhibit is comprised of multiple documents and pieces of documents.

The first two pages of this exhibit are two separate documents prepared by the City Council's fiscal office.

The fourth page of this exhibit is the investment history prepared by Jerry Davis, except that this copy of the document contains someone's handwritten notes. For the reasons set forth above with respect to Defendant's Exhibit 292, this document is hearsay, lacks foundation and is not relevant.

Finally, the third and fifth through tenth pages of this exhibit are parts of larger documents, including an analysis prepared by G.S. Curran and a document prepared by PaineWebber. To avoid confusion, these partial documents should not be admitted unless the entirety of the documents are also admitted.

At minimum, any pieces of DEX 345 that the Court deems admissible should be separated rather than being included together as one exhibit.

Respectfully submitted,

_____/s/_Catherine E. Lasky_____
JAMES R. SWANSON, T.A. (#18455)
JASON W. BURGE (#30240)
REBECCA SHA (#35317)
FISHMAN HAYGOOD PHELPS WALMSLEY
WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

GLADSTONE N. JONES (#22221)
HARVEY S. BARTLETT III (#26795)
CATHERINE E. LASKY (#28652)
KERRY A. MURPHY (#31382)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

ALEXANDRA E. MORA (#23535)
WALTER WOLF (#21953)

Law Office of Alexandra Mora
322 Lafayette Street
New Orleans, Louisiana 70130
Telephone: (504) 566 0233
Facsimile: (504) 566 8997

AND

SHARONDA R. WILLIAMS (#28809)
E. PATRICK EAGAN (#34848)
City of New Orleans
Law Department
1300 Perdido Street, 5th Floor
New Orleans, Louisiana 70112

**COUNSEL FOR THE CITY OF NEW ORLEANS**

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of February, 2015, served a copy of the foregoing upon all counsel of record by CM/ECF filing.

　　　　　_____/s/_Catherine E. Lasky_____