UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE CITY OF NEW ORLEANS | CIVIL ACTION |
| VERSUS | NO. 08-3949 |
| AMBAC ASSURANCE CORPORATION, ET AL | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is Defendant's "Motion *in Limine* Binding the City to Its Prior Sworn Interrogatory Answers and Precluding the City from Now Changing Its Position on Damages." (Rec. Doc. 345). The City filed its opposition. (Rec. Doc. 357). For the reasons stated herein, the Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

In its Motion *in Limine*, Defendant, PaineWebber Capital Services, Inc. ("PWCSI") requests that the Court preclude admission of certain evidence pertaining to Plaintiff's, the City of New Orleans ("the City"), damage calculations. Specifically, PWCSI asks the Court to disallow the City from: (1) presenting evidence of damages, through their expert, that are based on a calculation of the proceeds from the Swap Agreement between PWCSI and the City ("the Swap") had the Reciprocal Swap Agreement between PWCSI and Ambac Financial Serivces, LLC, ("the Reciprocal Swap") never taken place; (2) presenting evidence that PWCSI would not have declared a Rate Change Event in the Spring of 2008 if the Reciprocal Swap had not existed; (3) disputing that had

1

the City known of the Reciprocal Swap it could have entered into a swap agreement directly with Ambac; and (4) relying on any damage model other than one that would remedy the alleged breach at the lowest cost to PWCSI.  (Rec. Doc. 345-1 at p. 5).  PWCSI bases its Motion on the argument that the City should be bound by its interrogatory answers and its Rule 30(b)(6) testimony.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, this Court finds that interrogatories and their answers are meaningful representations, and a party will be held accountable for the information contained therein.  Here, the parties were afforded numerous opportunities to amend and supplement their answers.  (*See* Rec. Doc. 345-2, Exh. A, B, and C). Accordingly, the City will be bound by the contents of its answers to Defendant's interrogatories.

The Court finds that the following:

**IT IS ORDERED** that the Motion is **GRANTED** to the extent that the City will not be permitted to introduce evidence of damages, through their expert, that are based on a calculation of the proceeds from the Swap had the Reciprocal Swap never taken place.  The City clearly renounced this previously stated theory in Answers to Third Set of Interrogatories.  (*Id.* at Exh. B).

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that the City may not offer evidence that PWCSI would not have declared a Rate Change Event in the Spring of 2008 if the Reciprocal Swap had not existed.  *See above.*

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that the City may not dispute that had the City known of the Reciprocal Swap it could have entered into a swap agreement directly with Ambac Financial Serivces, LLC.  Although, this calculation model is but

one alternative of three separate models contained in the City's answers. (*See id.* at Exh. C (declaring, "[i]f the City had known of the Reciprocal Swap, the City would have considered several beneficial alternatives, including (1) entering into a swap directly with Ambac Financial Serivces, LLC; (2) issuing bonds at a fixed rate with a call; and (3) not issuing the bonds and continuing to make pay-as-you-go payments on the Firefighters' Pension System.")).  To the extent that PWCSI's Motion attempts to preclude evidence relating to any of the City's three damage calculation models at this time, the Motion is **DENIED**.  However, to be clear, this is *singularly* a breach of contract case.  The Court will not entertain models that ignore the existence of the contract, are based on the supposition that no contract would have been entered into, or that rely on previously dismissed tort claims.  The City will be bound by its three (3) damage models described in the answers to interrogatories to the extent that they are in conformity with this ruling. **IT IS FURTHER ORDERED** that the Motion is **DEFERRED** to trial regarding whether the City may rely on any damage model other than one that would remedy the alleged breach at the lowest cost to PWCSI.

    New Orleans, Louisiana, this 25th day of February 2015.

                                             **KURT D. ENGELHARDT**
                                             **United States District Judge**