UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE CITY OF NEW ORLEANS | CIVIL ACTION |
| VERSUS | NO. 08-3949 |
| AMBAC ASSURANCE CORPORATION, ET AL | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is Defendant's Motion in Limine Concerning the City's Rule 30(b)(6) Breach and Damages Witness (Rec. Doc. 367), which is opposed by Plaintiff City of New Orleans ("City") (Rec. Doc. 380).

The Complaint in this litigation was filed in July 2008. In 2011, Defendants noticed out the deposition of the City of New Orleans pursuant to Rule 30 (b)(6) of the Federal Rules of Civil Procedure. In response, the City designated a certain individual, Mr. Norman Foster, as its representative to testify with regard to how the City was harmed by the Reciprocal Swap Agreement; the amount of damages the City claims it suffered as well as the measure of each element of damages and methodology for calculating such; and efforts to mitigate any damages sought in the complaint, including efforts by the City to restructure the bond transaction at issue.

Pursuant to the Rule 30(b)(6) notice, Mr. Foster was presented and authorized by the City to provide deposition testimony on these topics on September 1, 2011. To the Court's knowledge,

Mr. Foster answered each and every question propounded to the best of his ability in his capacity as the 30(b)(6) designee of the City.

Now, over three years later, on the eve of trial, the City has filed Proposed Findings of Fact in which it evidently seeks to adduce testimony from two other individuals, Mr. Cedric Grant and Mr. Troy Carter, which may now favorably impact the City's damage calculations. As reflected in the City's Proposed Findings of Fact, the anticipated testimony of these two witnesses is, in some respects, inconsistent with the previous sworn testimony of the City provided by its designee, Mr. Foster. Of course, the City could have indicated that Cedric Grant and/or Troy Carter were best suited to testify regarding damages upon receipt of Defendants' Notice of 30(b)(6) Deposition, or appointed someone to testify after consultation with Cedric Grant and/or Troy Carter. The City itself designated Foster to provide such testimony, and that testimony will be given considerable weight over and above any new-found expedient testimony designed to conform to a damage model otherwise not supported. To the extent these witnesses' testimony is inconsistent with the City's designated 30(b)(6) witness, it will be discounted significantly. Otherwise, this motion is **REFERRED TO THE MERITS**.

New Orleans, Louisiana, this 27th day of February 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**